STATE OF CONNECTICUT *v.* FLOYD A. WINDLEY
(AC 26414)

Flynn, C. J., and Gruendel and Foti, Js.

Argued February 16—officially released April 25, 2006

*Michael S. Hillis*, for the appellant (defendant).

*Joan K. Willin*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,*

state's attorney, and *Seth R. Garbarski*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Floyd A. Windley, appeals from the judgment of conviction, rendered after a trial to the court, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) and failure to obey a traffic control signal in violation of General Statutes § 14-299 (b) (3).[1] The trial court also found that the defendant was a third time offender pursuant to General Statutes § 14-277a (g) (3) and sentenced him accordingly. On appeal, the defendant claims that (1) the evidence was insufficient to support his conviction as a third time offender and (2) the court improperly failed to order a presentence investigation report. We affirm the judgment of the trial court.

On November 1, 2002, at approximately 2 a.m., Officer Robert Villano of the Hamden police department observed a blue Chevrolet Blazer pass through the red traffic signal at the intersection of Dixwell Avenue and Morse Street. Villano initiated a traffic stop of the Blazer and observed that the defendant was the driver and sole occupant. The defendant produced his driver's license, and Villano noted that the photograph on the license matched the defendant's physical description. Villano detected the odor of alcohol on the defendant's breath and observed that his eyes were glassy and his speech was slurred. The defendant stated that he had consumed three alcoholic drinks. Villano then administered field sobriety tests. After failing the horizontal gaze nystagmus[2] test and refusing to perform the walk and

---

[1] The defendant on appeal does not challenge his conviction of failure to obey a traffic control signal.

[2] "Nystagmus is the inability of the eyes to maintain visual fixation on a stimulus when the eyes are turned to the side, often resulting in a lateral jerking of the eyeball." (Internal quotation marks omitted.) *State* v. *Balbi*, 89 Conn. App. 567, 570–71, 874 A.2d 288, cert. denied, 275 Conn. 919, 883 A.2d 1246 (2005).

turn test and the one-leg stand test, the defendant was arrested.

Following a trial to the court, the court found the defendant guilty as a third time offender and sentenced him to three years incarceration, execution suspended after one year, followed by three years of probation. This appeal followed.

I

The defendant first claims that the evidence was insufficient to support (1) his conviction and (2) the court's finding that he was a third time offender.[3] We disagree with both parts of the defendant's claim.[4]

We first set forth the standard of review. "[T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.)

[3] As part of his claim of insufficient evidence, the defendant argued in his brief that the court should have conducted a hearing to determine the scientific reliability of horizontal gaze nystagmus evidence. At oral argument before this court, the defendant conceded that that argument lacks merit. We previously have determined that horizontal gaze nystagmus evidence satisfies the requirements for the admission of scientific evidence. *State* v. *Balbi*, 89 Conn. App. 567, 575–77, 874 A.2d 288, cert. denied, 275 Conn. 919, 883 A.2d 1246 (2005).

[4] The defendant raised the ground of insufficient evidence in his motion to dismiss the information. Even if the defendant did not preserve his claim properly, we will review it because "any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right and is entitled to review whether or not the claim was preserved at trial." *State* v. *Coleman*, 83 Conn. App. 672, 679, 851 A.2d 329, cert. denied, 271 Conn. 910, 859 A.2d 571 (2004), cert. denied, 544 U.S. 1050, 125 S. Ct. 2290, 161 L. Ed. 2d 1091 (2005).

*State* v. *Bloom,* 86 Conn. App. 463, 471–72, 861 A.2d 568 (2004), cert. denied, 273 Conn. 911, 870 A.2d 1081 (2005).

A

The first part of the defendant's claim is that there was not enough evidence to support his conviction. Although the defendant concedes that he drove through a red traffic signal, he argues that he was not speeding or driving erratically. He further points out that he safely stopped his vehicle at Villano's direction, responded to Villano's questions and produced his driver's license. The defendant also contends that there was insufficient evidence that he was the person whom Villano arrested on November 1, 2002, because Villano was unable to identify the defendant at trial on March 8, 2005, more than two years after the arrest.

"Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." (Internal quotation marks omitted.) *State* v. *Gordon,* 84 Conn. App. 519, 526, 854 A.2d 74, cert. denied, 271 Conn. 941, 861 A.2d 516 (2004). The defendant clearly lacked the ability to function properly in operating his vehicle because he drove through a red traffic signal. Villano testified that the defendant's eyes were glassy, his speech was slurred and his breath smelled of alcohol. The defendant also admitted to Villano that he had consumed three alcoholic drinks. Villano confirmed that the defendant had produced his own driver's license because the photograph on the license matched the defendant's physical description. Villano's inability to identify the defendant in court more than two years after the arrest is of no significance. Our case law does not support the proposition

that an officer must be able to make an in-court identification of every person that that officer has arrested. Villano testified that he had filled out the misdemeanor summons and complaint at the time of the arrest, recording the defendant's name, address and other personal information from his driver's license. Construing the evidence in the light most favorable to sustaining the conviction, we determine that the court reasonably could have concluded that the defendant was guilty beyond a reasonable doubt.

B

The second part of the defendant's claim is that there was not enough evidence to support the court's finding that he was a third time offender. The state presented evidence that the defendant previously had been convicted of operating a motor vehicle while under the influence of intoxicating liquor on October 7 and 23, 1998. The defendant points out that not all of the court documents pertaining to those convictions bore his social security number. He consequently argues that the evidence was insufficient that he was the subject of those convictions. We find that argument entirely unpersuasive because the documents relating to the October, 1998 convictions contained the defendant's name, address, date of birth, physical description and driver's license number. In light of the numerous indicators that the defendant was the same person who had been convicted on October 7 and 23, 1998, we conclude that the court reasonably could have found beyond a reasonable doubt that the defendant was a third time offender pursuant to § 14-277a (g) (3). See id., 534–35.[5]

---

[5] The defendant also suggests that the state improperly introduced the court documents into evidence through a deputy clerk because that clerk "was not the individual responsible for the creation, maintenance, custody or control" of the documents. The defendant's suggestion is without merit. The documents were certified copies provided by the Superior Court records center and bore a Superior Court seal. They were therefore self-authenticating pursuant to § 9-1 (b) of the Connecticut Code of Evidence.

## II

The defendant next claims that the court improperly failed to order a presentence investigation report. Practice Book § 43-3 (a) provides in relevant part that "[i]f the defendant is convicted of a crime other than a capital felony, the punishment for which may include imprisonment for more than one year, the judicial authority shall order a presentence investigation . . . ." See also General Statutes § 54-91a (a). The statutory penalty for a third conviction of the crime of operating a motor vehicle while under the influence of intoxicating liquor is a mandatory minimum sentence of one year imprisonment and a maximum sentence of three years imprisonment. See General Statutes § 14-227a (g) (3) (B). Because that crime carries the possibility of more than one year imprisonment, the court should have ordered a presentence investigation.

We nonetheless recognize that "[t]he sole purpose [of a presentence investigation] is to enable the court, within limits fixed by statute, to impose an appropriate penalty, fitting the offender as well as the crime. . . . The primary value of a [presentence investigation] stems from the information contained therein, not from the report itself. Most of this information can be brought to the trial court's attention by either party by means other than a [presentence investigation]." (Citation omitted; internal quotation marks omitted.) *State* v. *Patterson*, 236 Conn. 561, 574–75, 674 A.2d 416 (1996). In the present case, we are persuaded that the court had enough knowledge of the defendant's criminal record and present condition, as well as the circumstances of the offense, to impose an appropriate penalty without the assistance of a presentence investigation report. The court sentenced the defendant on March 14, 2005, just five days after it had found that he was a third time offender under § 14-277a (g) (3). Defense counsel informed the court that the defendant had a medical

condition and had complied with all orders to appear in court. The defendant has not suggested that a presentence investigation would have uncovered any other relevant information that would have resulted in a different sentence. See *State* v. *Williams,* 205 Conn. 456, 477, 534 A.2d 230 (1987). We therefore conclude that the court's failure to order a presentence investigation constituted harmless error.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] In concluding his brief, the defendant suggests that we should invoke our supervisory powers to reverse his conviction. Those powers "are an extraordinary remedy to be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Internal quotation marks omitted.) *State* v. *Sargent,* 87 Conn. App. 24, 31 n.4, 864 A.2d 20, cert. denied, 273 Conn. 912, 870 A.2d 1082 (2005). We determine that the defendant's claims do not implicate any issues of the utmost seriousness for the integrity of his trial or the perceived fairness of the judicial system.