# STATE OF CONNECTICUT *v.* CHRISTOPHER OLSON
## (AC 29581)

Harper, Beach and West, Js.

Argued February 4—officially released July 21, 2009

*Bradford Buchta,* deputy assistant public defender, for the appellant (defendant).

*Toni M. Smith-Rosario,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, *Maxine V. Wilensky,* senior assistant state's attorney, and *Brian J. Leslie,* assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Christopher Olson, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that the court improperly concluded that his sentence had not been imposed in an illegal manner because the court did not order that a presentence investigation report (report) be prepared prior to sentencing. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to the issue before us. On August 24, 2006, the defendant, in accordance with a plea agreement with the state, appeared before the trial court and entered a guilty plea to the crime of burglary in the third degree in violation of General Statutes § 53a-103. The defendant also admitted violating the terms of his probation. See General Statutes § 53a-32. The court canvassed the defendant concerning his plea and, following the canvass, accepted the plea and made findings of guilt. The court sentenced the defendant to participate in an outpatient drug treatment program for one year, during which time he was required to submit

to drug tests and to return to court at scheduled intervals for the purpose of monitoring his progress in the program. The court suspended a six year term of incarceration, instructing the defendant that he was subject to the imposition of such suspended sentence if he failed three drug tests, was discharged unsuccessfully from the treatment program, violated the rules of the program or failed to report to court as required. Also, the court instructed the defendant that he was subject to the imposition of such suspended sentence if he was arrested and the court determined that such arrest was supported by probable cause.

Subsequently, the defendant was arrested and charged with obtaining controlled substances through fraud as well as forgery in the second degree. On February 9, 2007, the defendant appeared before the court for sentencing. During the hearing, the defendant admitted that he had committed the new offenses and expressed remorse for his conduct. The prosecutor and the defendant's attorney addressed the court prior to sentencing. The prosecutor asked the court to impose the entire six year suspended sentence. The defendant's attorney, asserting that the defendant had made good progress in the drug treatment program, asked the court to impose a less severe sentence. Relying on the newly admitted criminal violations, as well as the defendant's failure to report to court as required during his participation in the treatment program, the court resentenced the defendant for the burglary and violation of probation offenses. The court revoked the defendant's probation and, in total, sentenced the defendant to a six year term of incarceration.[1] The defendant did not, at any time prior to the imposition of sentence, request that a report be prepared by the office of adult probation, object to

---

[1] The court imposed the sentence in the burglary and violation of probation cases. With regard to the new offenses for which the defendant was arrested, the court imposed a sentence of unconditional discharge.

the imposition of sentence in the absence of a report, argue that he wanted to present additional evidence to the court or argue that the court should consider any additional evidence prior to the imposition of sentence. The court did not order that a report be prepared in this case.

On October 16, 2007, the defendant filed a motion to correct an illegal sentence. Citing statutory authority and our rules of practice, the defendant argued that because he was convicted of a felony offense and received a definite sentence exceeding three years, the court improperly failed to order that a report be prepared. The defendant argued that "[his] sentence was imposed in an illegal manner because he was deprived of his right to participate in a [report], a [report] was not completed and a [report] was not considered by the court at sentencing." By way of relief, the defendant requested, inter alia, that the court vacate his sentence, order that a report be prepared and consider the report prior to imposing a sentence at a new sentencing proceeding. The state objected to the motion.

In December, 2007, the court held a hearing on the motion to correct. At the conclusion of the hearing, the court denied the motion in an oral ruling.[2] In its decision, the court reasoned that a report was unnecessary in

---

[2] The court's oral ruling appears within the certified transcript of the proceeding at trial. The record, however, does not contain a signed transcript of the court's decision as is required by Practice Book § 64-1 (a). "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . ." Practice Book § 61-10. The record does not reflect that the defendant attempted to remedy this defect pursuant to Practice Book § 64-1 (b). Nevertheless, our ability to review the claim is not hampered in the present case because we are able readily to identify in the transcript of the proceedings a sufficiently detailed and concise statement of the court's findings. See *State* v. *Brunette*, 92 Conn. App. 440, 446, 886 A.2d 427 (2005), cert. denied, 277 Conn. 902, 891 A.2d 2 (2006).

light of the plea agreement and, specifically, the defendant's participation in the treatment program. The court stated that the purpose of a report is to provide sufficient information about a defendant to the court prior to sentencing. The court reasoned, however, that it was well aware of the factors that it deemed relevant to the issue of sentencing. Specifically, the court noted that the defendant had received a suspended sentence contingent on his successful completion of the treatment program, his appearing before the court for monitoring and his avoiding arrest. The court stated that "all I want to know for sentencing [is] what [the defendant] has done since he pleaded before me and [went] into the drug intervention unit." The court observed that it had an ample opportunity to monitor the defendant for one year for the purpose of determining whether he abided by the conditions imposed in August, 2006. The court reasoned that "that period of time [during which] I am watching the individual is a living presentence investigation."

On appeal, the defendant raises arguments that are substantively similar to those that he raised before the trial court. The defendant requests that his sentence be vacated and that the trial court order and consider a report prior to resentencing.

"It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act." *State* v. *Taylor*, 91 Conn. App. 788, 793, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005); see also *State* v. *Tabone*, 279 Conn. 527, 533–34, 902 A.2d 1058 (2006). Providing such authorization to act, Practice Book § 43-22 states: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence

imposed in an illegal manner or any other disposition made in an illegal manner."

"An 'illegal sentence' is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory." *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). As explained previously, the defendant does not claim that his sentence is illegal, but that it was imposed in an illegal manner. "Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates the defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) Id., 444; see also *Borrelli* v. *Commissioner of Correction*, 113 Conn. App. 805, 814, 968 A.2d 439 (2009). A defendant properly may challenge his criminal sentence on the ground that it was imposed in an illegal manner by filing with the trial court a motion pursuant to Practice Book § 43-22. See *State* v. *Tabone*, supra, 279 Conn. 534. We review the court's denial of the defendant's motion to correct the sentence under the abuse of discretion standard of review. See, e.g., id. ("[o]rdinarily a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard"); *State* v. *Cazzetta*, 97 Conn. App. 56, 60, 903 A.2d 659 (2006) (noting that reviewing court will reverse denial of motion to correct sentence only on showing that trial court abused its discretion).

General Statutes § 54-91a (a) provides in relevant part: "No defendant convicted of a crime, other than a capital felony, the punishment for which may include

imprisonment for more than one year, may be sentenced, or the defendant's case otherwise disposed of, until a written report of investigation by a probation officer has been presented to and considered by the court . . . ." General Statutes § 54-91a (b) provides: "A defendant who is convicted of a crime and is not eligible for sentence review pursuant to section 51-195 may, with the consent of the sentencing judge and the prosecuting official, waive the presentence investigation."[3] General Statutes § 54-91a (c) provides: "Whenever an investigation is required, the probation officer shall promptly inquire into the circumstances of the offense, the attitude of the complainant or victim, or of the immediate family where possible in cases of homicide, and the criminal record, social history and present condition of the defendant. Such investigations shall include an inquiry into any damages suffered by the victim, including medical expenses, loss of earnings and property loss. All local and state police agencies shall furnish to the probation officer such criminal records as the probation officer may request. When in the opinion of the court or the investigating authority it is desirable, such investigation shall include a physical and mental examination of the defendant. If the defendant is committed to any institution, the investigating agency shall send the reports of such investigation to the institution at the time of commitment."

Practice Book § 43-3 (a) provides: "If the defendant is convicted of a crime other than a capital felony, the punishment for which may include imprisonment for more than one year, the judicial authority shall order a presentence investigation, or the supplementation of

---

[3] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may . . . file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . ."

any existing presentence investigation report. The judicial authority may, in its discretion, order a presentence investigation for a defendant convicted of any crime or offense." Practice Book § 43-3 (b) provides: "A defendant who is convicted of a crime and is not eligible for sentence review pursuant to General Statutes § 51-195 may, with the consent of the sentencing judge and the prosecuting authority, waive the presentence investigation." Practice Book § 43-4 dictates the scope of presentence investigation when such investigation is required. Practice Book § 43-5 dictates that defense counsel shall be notified when a defendant is to be interviewed and delineates the role of defense counsel at such interview. Practice Book § 43-6 dictates that in continuing a case for sentencing, the court may consider the time necessary to complete the report and "shall set a date for sentencing accordingly."

Practice Book § 43-7 provides that the report "shall be provided to the judicial authority, and copies thereof shall be provided to the prosecuting authority and to the defendant or his or her counsel in sufficient time for them to prepare adequately for the sentencing hearing, and in any event, no less than forty-eight hours prior to the date of sentencing. . . ." That provision further provides: "Upon request of the defendant, the sentencing hearing shall be continued for a reasonable time if the judicial authority finds that the defendant or his or her counsel did not receive the presentence investigation . . . within such time." Practice Book § 43-7.

Practice Book § 43-10 requires that prior to the imposition of sentence, the court shall conduct a sentencing hearing. "The judicial authority shall afford the parties an opportunity to be heard and, in its discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report . . . ." Practice Book § 43-10 (1).

Practice Book § 43-13 dictates that defense counsel "shall familiarize himself or herself with the contents of the [report]." Practice Book § 43-14 dictates that defense counsel "shall bring to the attention of the judicial authority any inaccuracy in the . . . report of which he or she is aware or which the defendant claims to exist."

In the present case, the court did not comply with the procedural requirement that it order and consider a report prior to sentencing. The aforementioned rules of practice effectuate the right codified in General Statutes § 54-91a, and, insofar as they apply and dictate that a report *shall* be ordered and utilized during the sentencing process, they are mandatory and not directory in nature. See, e.g., *State* v. *Patterson*, 236 Conn. 561, 577 n.15, 674 A.2d 416 (1996); *State* v. *Williams*, 205 Conn. 456, 477, 534 A.2d 230 (1987). At the time of sentencing, the defendant was eligible for a term of imprisonment of up to six years. The defendant, incident to the plea agreement entered into in August, 2006, did not waive his right to argue for a shorter sentence. Although the defendant did not object to the court's failure to order or consider a report, the record does not reflect and the state does not argue that the defendant attempted to waive his right to a report.[4] Neither the parties nor the court raised the issue of a report prior

[4] Pursuant to General Statutes § 51-195, the defendant, having received a sentence of confinement of three years or more, was eligible for sentence review. See footnote 3. Accordingly, the defendant was unable to waive the report. See General Statutes § 54-91a (b). The statutory right to apply for sentence review does not apply "in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement . . . ." General Statutes § 51-195. Because the defendant, in his plea agreement, reserved the right to argue for less than the maximum possible sentence, however, his sentence cannot be said to have resulted from the court's acceptance of the plea agreement. See *State* v. *Anderson*, 220 Conn. 400, 407, 599 A.2d 738 (1991) (interpreting "plea agreement" as used in exceptions to § 51-195 as agreement for sentence of fixed duration); *Staples* v. *Palten*, 214 Conn. 195, 200, 571 A.2d 97 (1990) (same).

to sentencing. Under these circumstances, involving a defendant who faced a maximum term of incarceration of three years or more pursuant to a plea agreement and who retained the right to argue for less than such maximum penalty, we do not deem his mere failure to object to the lack of a report to represent his acquiescence in the procedure followed by the court or a waiver of his right to a report.

In presenting his motion to correct the sentence before the trial court, the defendant did not argue or present any evidence to demonstrate that information that should have appeared in the report, and was not otherwise before the court, likely would have affected his sentence. Apart from arguing that the court did not follow the proper procedural rules, the defendant did not attempt to demonstrate how the court's error caused him prejudice with regard to the sentence imposed. In presenting this appeal, the defendant does not suggest that such a showing has been made.[5]

---

[5] During oral argument before this court, the defendant's attorney acknowledged that the defendant was not claiming that but for the trial court's procedural error, he likely would have received a lesser sentence than that imposed by the court. Nevertheless, the defendant's attorney suggested that the court's failure to order a report caused him prejudice during the sentence review process, for which he was eligible. The defendant's attorney represented that the defendant had applied for sentence review and that the sentence review division had affirmed his sentence. The defendant contends that he is entitled to have his sentence vacated, to be resentenced after the court orders a report and to apply for sentence review following such resentencing.

The defendant's claim of prejudice is unavailing. "[T]he relief of the legislation creating the sentence review division is to afford *properly* sentenced and convicted persons a limited appeal for a reconsideration of their sentence . . . rather than an avenue to correct an illegally imposed sentence. The sentence review division offers defendants an optional, de novo hearing as to the punishment to be imposed. . . . The purpose of the legislation was to create a forum in which to equalize the penalties imposed on similar offenders for similar offenses. A . . . report is used not only as an aid to the sentencing court before the sentence is imposed, but as an aid to the sentence review division in those cases in which the defendant has applied for review of a sentence properly imposed." (Citations omitted; emphasis in original.) *State* v. *Taylor*, supra, 91 Conn. App. 794.

Instead, he argues that he need not make such a showing to prevail. The defendant argues that "the remedy for such a process error is to re-do the process as much as is possible. The availability of such a remedy does not depend on the defendant being able to show that there would have been or will be a different result if the legal requirements for a proper sentencing process had been followed or are now followed. To put it another way, the defendant did not need to show [that] he would have received a lesser sentence had all of the rules violated below not actually been violated."

The defendant's claim rests on the premise that the court's failure to order a report, in itself, entitles him to the relief sought in this appeal. The state argues that the defendant bore the burden of demonstrating that he was prejudiced by the court's failure to order a report and that the claim is subject to harmless error analysis. We agree with the state.

"It is well settled that most improprieties, even those of constitutional magnitude, can be harmless and, therefore, do not require the reversal of a defendant's conviction. . . . [T]he appellate harmless error doctrine is rooted in that fundamental purpose of our criminal justice system—to convict the guilty and acquit the

On the record before us, there is no basis on which to conclude that the absence of a report prejudiced the defendant during the sentence review process. The defendant did not substantiate any claim of prejudice in this regard either before the trial court or this court, and we will not speculate that a report would have aided his claim before the sentence review division. Even were such a showing made, however, the sentence review process is wholly distinct from the imposition of sentence. This court has held that a request for a new or amended report for use before the sentence review division was materially different than a motion to correct a sentence imposed in an illegal manner. Id., 791. The former request "is not within the jurisdictional parameters of Practice Book § 43-22 . . . ." *State* v. *Taylor,* supra, 91 Conn. App. 791. Accordingly, to the extent that the defendant relied on prejudice related to the sentence review process in arguing that his sentence was imposed in an illegal manner, the court properly declined to grant relief on this ground.

innocent. The harmless error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence . . . and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error. . . . Accordingly, we forgo harmless error analysis only in rare instances involving a structural defect of constitutional magnitude. . . . Structural defect cases defy analysis by harmless error standards because the entire conduct of the trial, from beginning to end, is obviously affected. . . . These cases contain a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. . . . Such errors infect the entire trial process . . . and necessarily render a trial fundamentally unfair . . . . Put another way, these errors deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for [the] determination of guilt or innocence . . . and no criminal punishment may be regarded as fundamentally fair . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Jenkins*, 271 Conn. 165, 186–87, 856 A.2d 383 (2004).

Our Supreme Court has held that a defendant does not have a federal due process right to a report and that the procedural rule requiring a court to order a report prior to sentencing did not create a protected liberty interest in a report. *State* v. *Patterson*, supra, 236 Conn. 561. The defendant does not suggest that his claim is constitutional in magnitude and has not demonstrated that the court's failure to order a report is a structural defect affecting the very framework of the trial. Furthermore, and directly on point, this court, in *State* v. *Windley*, 95 Conn. App. 62, 68–69, 895 A.2d 270, cert. denied, 278 Conn. 924, 901 A.2d 1222 (2006),

applied a harmless error analysis in reviewing a defendant's claim that the trial court had improperly failed to order a report.[6] See also *State* v. *Williams*, supra, 205 Conn. 476–78 (applying harmless error analysis to claim that court improperly failed to delay sentencing in accordance with Practice Book § 43-7 after discovery that defense counsel failed to receive report in timely manner).

The only purpose of a report "is to enable the court, within the limits fixed by statute, to impose an appropriate penalty, fitting the offender as well as the crime." *Steadwell* v. *Warden*, 186 Conn. 153, 159, 439 A.2d 1078 (1982), quoting *State* v. *Gullette*, 3 Conn. Cir. 153, 167, 209 A.2d 529 (1964). Here, the defendant was resentenced after admittedly failing to satisfy the conditions of the sentence imposed in August, 2006. Those conditions are not in dispute, nor is the fact that the defendant admittedly violated those conditions by engaging in the criminal conduct that led to his subsequent arrest. The court concluded that it had sufficient information concerning the offenses, as it had heard the defendant's admission that he engaged in criminal conduct subsequent to the imposition of sentence in August, 2006. The court also concluded that it had sufficient information concerning the defendant's present condition, as it had monitored the defendant's progress in the drug treatment program. The court reasoned that it had all of the appropriate information necessary to impose a sentence pursuant to the defendant's plea agreement that

---

[6] The defendant argues that *Windley* is distinguishable from the present case because, in contrast to the situation in this case, the defendant in *Windley*, having received a three year term of incarceration suspended after one year, was not eligible to apply for sentence review. See *State* v. *Windley*, supra, 95 Conn. App. 65. We are not persuaded that this factual distinction materially distinguishes *Windley* from the present case. As we have already discussed; see footnote 5; in determining whether a defendant has been sentenced in an illegal manner, our focus properly is on the manner in which the sentence was imposed, not the sentence review process.

resulted in the August, 2006 sentence. The record reflects that the court afforded the prosecutor, the defendant's attorney and the defendant an opportunity to address the court concerning the imposition of an appropriate sentence. As noted previously in this opinion, neither the defendant nor his attorney addressed the subject of the report or argued that there was any information relevant to the imposition of an appropriate sentence that was not before the court.

"The primary value of a [report] stems from the information contained therein, not from the report itself. Most of this information can be brought to the trial court's attention by either party by means other than a [report]." *State* v. *Patterson*, supra, 236 Conn. 574–75. As was the case at the time of sentencing and in argument on the motion to correct the sentence, the defendant has not argued that any information not before the court at the time of sentencing likely would have affected the severity of his sentence. The defendant has not demonstrated that harm resulted from the absence of a report or, more specifically, that information relevant to the imposition of an appropriate sentence was not before the court as a result of the court's failure to order a report. As was the case in *Windley*, "[t]he defendant has not suggested that a [report] would have uncovered any other relevant information that would have resulted in a different sentence." *State* v. *Windley*, supra, 95 Conn. App. 69. For this reason, he has failed to demonstrate that he was harmed by the court's failure to order a report, and we conclude that the court's denial of his motion to correct the sentence does not reflect an abuse of its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.