******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* SIDNEY WADE
(AC 38719)

Alvord, Keller and Pellegrino, Js.

*Syllabus*

The defendant, who previously had been convicted of the crimes of sale of
   narcotics by a person who is not drug-dependent, possession of narcotics
   with intent to sell by a person who is not drug-dependent and manslaugh-
   ter in the first degree, appealed to this court from the judgment of the
   trial court denying his motion to correct an illegal sentence. In a prior
   direct appeal from his conviction, this court reversed the defendant's
   conviction of manslaughter in the first degree and remanded the case
   with direction to reflect a conviction of manslaughter in the second
   degree, and to resentence the defendant in accordance with that convic-
   tion. On remand, the trial court vacated the sentences imposed on all
   counts, modified the judgment to reflect a conviction of manslaughter
   in the second degree, and resentenced the defendant on all counts. In
   his motion to correct an illegal sentence, the defendant claimed that
   the trial court, in resentencing him on all counts, violated the prohibition
   against double jeopardy by altering the sentences on the narcotics
   related offenses, which had not been reversed. *Held* that the trial court
   properly denied the defendant's motion to correct an illegal sentence
   and rejected his double jeopardy claim, as this court previously has
   rejected a similar double jeopardy claim in *State* v. *LaFleur* (156 Conn.
   App. 289), and that case was controlling precedent with respect to the
   defendant's double jeopardy claim: even if the defendant had raised
   claims in his direct appeal that challenged only some of the counts
   under which he had been convicted, the fact that he exercised his right
   to an appeal undermined his argument that he had an expectation of
   finality in the sentence originally imposed for the narcotics offenses that
   were not reversed on appeal, as the legal consequence of his successful
   challenge to his manslaughter conviction resulted in a resentencing
   proceeding in which the trial court properly resentenced him pursuant
   to the remand order, and it is well established that resentencing a
   defendant does not trigger double jeopardy concerns when the original
   sentence was illegal or erroneous; moreover, when a defendant success-
   fully challenges one portion of a sentencing package, a trial court may
   resentence a defendant on his conviction of the other crimes under the
   aggregate package theory without offending the double jeopardy clause,
   and the resentencing court is free to restructure the defendant's entire
   sentencing package, even for those components assigned to convictions
   that have been fully served, as long as the overall term has not expired,
   without offending double jeopardy.

Argued October 10—officially released December 5, 2017

*Procedural History*

Substitute information charging the defendant with
two counts each of the crimes of sale of narcotics by
a person who is not drug-dependent and possession of
narcotics with intent to sell by a person who is not
drug-dependent, and with the crimes of manslaughter in
the first degree and manslaughter in the second degree,
brought to the Superior Court in the judicial district of
New Britain and tried to the jury before *D'Addabbo, J.*;
verdict of guilty of two counts each of sale of narcotics
by a person who is not drug-dependent and possession
of narcotics with intent to sell by a person who is not
drug-dependent, and manslaughter in the first degree;
thereafter, the state entered a nolle prosequi as to the
charge of manslaughter in the second degree, and the

court rendered judgment in accordance with the verdict, from which the defendant appealed to this court, which reversed the conviction as to manslaughter in the first degree and remanded the case with direction to modify the judgment to reflect a conviction of manslaughter in the second degree and for resentencing in accordance with that conviction; subsequently, following a hearing, the court, *D'Addabbo, J.*, vacated the sentences and resentenced the defendant as to all counts, from which the defendant appealed to this court; thereafter, the matter was transferred to our Supreme Court, which affirmed the judgment of the trial court; subsequently, the court, *Alander, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*John C. Drapp III*, assigned counsel, for the appellant (defendant).

*Jennifer F. Miller*, deputy assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Paul N. Rotiroti*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

KELLER, J. The defendant, Sidney Wade, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that the court improperly concluded that his resentencing did not give rise to a double jeopardy violation. We affirm the judgment of the trial court.

The following procedural history is relevant to the present claim. Following a jury trial, the defendant was convicted of two counts of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), two counts of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), and one count of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). For each of the sale of narcotics counts, the court, *D'Addabbo, J.*, imposed a sentence of seven years of imprisonment. For each of the possession of narcotics counts, the court imposed a sentence of seven years of imprisonment. For these four counts, the court ordered the sentences to be served concurrently. For the manslaughter in the first degree count, the court imposed a sentence of eighteen years of imprisonment. The court ordered the sentence for the manslaughter count to be served consecutive to the sentences imposed with respect to the other counts. This resulted in a total effective sentence of twenty-five years of imprisonment.

In a direct appeal to this court, the defendant claimed that the evidence did not support the conviction for manslaughter in the first degree and that the trial court improperly had instructed the jury with respect to the state's burden of proof and the presumption of innocence. See *State* v. *Wade*, 106 Conn. App. 467, 469, 490–91, 942 A.2d 1085, cert. granted, 287 Conn. 908, 950 A.2d 1286 (2008) (appeal withdrawn June 12, 2008). The latter claim pertained to all of the offenses of which he was convicted. A detailed recitation of the facts underlying the judgment is set forth in that opinion.[1] Id., 469–75. This court rejected the claim of instructional error, but agreed with the claim of evidentiary insufficiency. Id., 492–93. Accordingly, this court affirmed in part and reversed in part the judgment of the trial court. Id. Specifically, this court concluded that the conviction of manslaughter in the first degree in violation of § 53a-55 (a) (3) should be reversed and that the case should be remanded to the trial court with direction to reflect a conviction of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1) and to resentence the defendant in accordance with that conviction. Id.

In compliance with this court's remand, the trial court, *D'Addabbo, J.*, held a resentencing hearing. The trial court vacated the sentences it had imposed on all

counts in the judgment and modified the judgment to reflect a conviction of the four narcotics related counts that were affirmed by this court as well as manslaughter in the second degree. The trial court resentenced the defendant by imposing a total effective sentence of twenty-three years. It restructured the original sentence by increasing the concurrent terms of imprisonment on the four narcotics related counts from seven years each to thirteen years each. The court ordered that these four sentences be served consecutively to a ten year term of imprisonment for the manslaughter in the second degree conviction.

Following his resentencing, the defendant appealed to this court. Our Supreme Court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. Before our Supreme Court, the defendant claimed that "(1) the trial court improperly resentenced him on all of his convictions because [this court's] order directed resentencing only on the reversed count; (2) the aggregate package theory, adopted by [our Supreme Court] in *State* v. *Miranda*, 260 Conn. 93, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002), does not apply when the reversal of a conviction is based on insufficient evidence;[2] (3) under *North Carolina* v. *Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), the trial court's decision to increase the sentences on the affirmed counts violated the defendant's due process rights under the fourteenth amendment to the United States constitution and, alternatively, article first, § 8, of the Connecticut constitution; and (4) [our Supreme Court] should vacate his sentences under [the court's] supervisory powers over the administration of justice." (Footnotes added and omitted.) *State* v. *Wade*, 297 Conn. 262, 265–66, 998 A.2d 1114 (2010). Our Supreme Court rejected these claims and affirmed the judgment of the trial court. Id., 266.

In February, 2015, the defendant filed a motion to correct an illegal sentence. Although he raised additional arguments that he later abandoned before the trial court, he argued that the newly imposed sentence was illegal because (1) the court violated his right to due process as guaranteed by the federal and state constitutions by altering the sentences on the narcotics related counts without the statutory authority to do so; (2) the court violated the prohibition against double jeopardy enshrined in the federal and state constitutions by altering the sentences on the narcotics related offenses without the statutory authority to do so; and (3) the court altered the sentences on the narcotics related offenses in the absence of factual findings as required by *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Alleyne* v. *United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The court, *Alander, J.*, rejected these three claims on their merits and denied the motion to

correct. This appeal followed.

In the present appeal, the defendant challenges only that part of the court's decision in which it rejected his double jeopardy claim. In its memorandum of decision, the court addressed the double jeopardy claim as follows: "The defendant's second claim is that the reopening of his drug convictions for purposes of resentencing violated the double jeopardy clauses of the United States constitution and the Connecticut constitution. This claim lacks merit for the simple reason that the Appellate Court in *State* v. *LaFleur*, 156 Conn. App. 289, 308–11, [113 A.3d 472, cert. denied, 317 Conn. 906, 114 A.3d 1221 (2015),] previously rejected such a claim. In *LaFleur*, the defendant appealed his convictions in two cases consolidated for trial. The convictions in one of the cases were reversed by our Supreme Court which vacated the entire sentence in both cases and remanded the cases for resentencing. Just as the defendant does here, the defendant in *LaFleur* claimed that his subsequent sentence violated the double jeopardy prohibition against multiple punishments for the same offense because he had an expectation of finality in the original sentence [with respect to the convictions that were not reversed on appeal]. The Appellate Court disagreed. 'Even if the defendant had raised claims that challenged only some of the counts under which he had been convicted, the fact that he exercised his right to an appeal undermines his argument to an expectation of finality in the sentence originally imposed. The defendant was successful in undermining a portion of a sentencing package, and the legal consequence of doing so resulted in a resentencing proceeding in which the trial court properly resentenced him pursuant to the remand order.' Id., 309–10. 'It is well established that resentencing a defendant does not trigger double jeopardy concerns when the original sentence was illegal or erroneous.' Id., 310. 'In the specific context of a remand for resentencing when a defendant successfully challenges one portion of a sentencing "package," the United States Supreme Court has held that a trial court may resentence a defendant on his conviction of the other crimes without offending the double jeopardy clause of the United States constitution. *Pennsylvania* v. *Goldhammer*, 474 U.S. 28, 29–30, 106 S. Ct. 353, 88 L. Ed. 2d 183 (1985). Indeed, the resentencing court is free to restructure the defendant's entire sentencing package, even for those components assigned to convictions that have been fully served, as long as the overall term has not expired, without offending double jeopardy.' *State* v. *Tabone*, 292 Conn. 417, 441, [973 A.2d 74 (2009)]. As in *LaFleur* and *Tabone*, the trial court's resentencing of the defendant upon remand after his successful appeal does not conflict with principles of double jeopardy."

Before the trial court, the defendant argued that the resentencing court violated his double jeopardy rights

because he had an expectation of finality in the sentences imposed by the first sentencing court with respect to the narcotics related charges. A defendant properly may raise a double jeopardy claim in the context of a motion to correct an illegal sentence. See, e.g., *State* v. *Starks*, 121 Conn. App. 581, 591–92, 997 A.2d 546 (2010); *State* v. *Olson*, 115 Conn. App. 806, 810–11, 973 A.2d 1284 (2009). "Ordinarily, a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . A double jeopardy claim, however, presents a question of law, over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *State* v. *Baker*, 168 Conn. App. 19, 24, 145 A.3d 955, cert. denied, 323 Conn. 932, 150 A.3d 232 (2016).

In his brief before this court, the defendant reiterates his belief that it was improper for the court to have reopened and resentenced him with respect to the narcotics related charges. He argues that he had an "expectation of finality in the sentences imposed on the narcotics convictions when those convictions were affirmed and the state had no authority to seek further review of those convictions or sentences." The defendant does not attempt to distinguish *LaFleur* or *Tabone* in any meaningful way,[3] and acknowledges that "the courts of this state have otherwise been fairly consistent in finding that no double jeopardy problem exists with respect to the aggregate package theory of sentencing." Rather than attempting to demonstrate that the court either misinterpreted or misapplied the law, the defendant devotes much of his analysis to reviewing what he believes are relevant decisions of the United States Supreme Court, yet he acknowledges that there is support in that body of law "for the proposition that an aggregate package theory of sentencing does not violate double jeopardy."[4]

In exercising our plenary review, we, like the trial court, view *LaFleur* to be controlling precedent with respect to the defendant's double jeopardy claim. Our Supreme Court has already rejected the defendant's claim that the resentencing court improperly sentenced him under the aggregate package theory. See *State* v. *Wade*, supra, 297 Conn. 268–78. We will neither reevaluate nor reconsider that settled issue. As the trial court recognized correctly, this court's analysis in *LaFleur* is dispositive of the double jeopardy claim raised in the present case. See *State* v. *LaFleur*, supra, 156 Conn. App. 308–11. Accordingly, we conclude that the court properly denied the motion to correct.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] At trial, the state presented evidence demonstrating that the defendant illegally provided the victim with prescription drugs, specifically, Methadose pills (a drug commonly used to treat heroin addiction) and lollipops containing fentanyl (a narcotic drug commonly used by cancer patients to relieve

pain). *State* v. *Wade*, supra, 106 Conn. App. 470 nn.2 and 3. The victim's ingestion of these drugs caused her death. Id., 474.

[2] Under the aggregate package theory of sentencing, when a multicount conviction is remanded for resentencing after one or more convictions has been vacated on appeal, the trial court may, in its discretion, increase the sentences imposed on the remaining counts provided that the original total effective sentence is not exceeded. See *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990). In *Raucci*, this court reasoned that, when a defendant appeals from a multicount conviction, he "has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions, and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent." Id., 562. This court went on to observe that a trial court's power to restructure the aggregate package "is limited by its original sentencing intent as expressed by the original total effective sentence . . . ." Id., 563. In *State* v. *Miranda*, supra, 260 Conn. 128–30, our Supreme Court endorsed *Raucci* and adopted the aggregate package theory.

[3] In his brief, the defendant observes that, in *Tabone*, our Supreme Court stated in relevant part: "The defendant has challenged only the legality of his sentences, not the validity of his conviction. Consequently, the trial court was free to refashion the entire sentence for each of the crimes within the confines of the original package without violating double jeopardy, as long as the entire sentence had not been fully served." *State* v. *Tabone*, supra, 292 Conn. 442. According to the defendant, this language "suggests that a successful challenge to the validity of a *conviction*, as opposed to a *sentence*, prevents the trial court from refashion[ing] the entire sentence for each of the crimes within the confines of the original package on double jeopardy grounds." (Emphasis in original; internal quotation marks omitted.) The defendant in the present case, having challenged the legality of his convictions, reasons: "*Tabone* leaves doubt as to whether the prohibition against double jeopardy is implicated when the aggregate package theory of sentencing is applied upon remand following a successful challenge to a conviction rather than a sentence . . . ."

We disagree with the defendant's narrow interpretation of *Tabone*. As the defendant acknowledges, immediately following the language on which he relies, the court in *Tabone* quoted *State* v. *Miranda*, supra, 260 Conn. 129, for the following proposition: "[T]he defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety." (Internal quotation marks omitted.) This language dispels the alleged ambiguity in the defendant's interpretation of *Tabone*.

[4] As part of his arguments before this court, the defendant relies to a great extent on *United States* v. *DiFrancesco*, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980), apparently as support for the proposition that, because the state could not obtain appellate review of the sentences imposed with respect to the narcotics related counts in the present case, he had an expectation of finality with respect to those sentences. Thus, the defendant argues, the court violated his double jeopardy rights by resentencing him in the manner that it did.

The defendant's argument is not persuasive. Where, as here, a defendant has challenged the validity of his multicount conviction on direct appeal, he is unable thereafter to claim an expectation of finality in the sentences imposed. Consistent with overwhelming federal authority, our courts have recognized that, in such circumstances, "the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package . . . ." *State* v. *Raucci*, 21 Conn. App. 557, 562, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990); see also *State* v. *Wade*, supra, 297 Conn. 269–70 (same); *State* v. *Tabone*, supra, 292 Conn. 427–28 (same); *State* v. *Miranda*, supra, 260 Conn. 129 (same).