## State of Connecticut *v.* Michael Raucci
### (8231)

Borden, O'Connell and Lavery, Js.

Argued January 16—decision released May 22, 1990

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael Pepper,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of the trial court reimposing a total effective sentence of not less than fifteen nor more than thirty years, following the granting of his motion to correct an illegal sentence. The sole issue is whether the trial court, when correcting an illegal sentence pursuant to Practice Book § 935[1] after a multicount conviction has been partially set aside, may restructure the entire sentencing plan in order to effectuate its original sentencing intent. We hold that, under the facts of this case, the trial court had such authority, and, therefore, we find no error.

The defendant was originally convicted on four counts: larceny in the first degree; conspiracy to commit larceny in the first degree; burglary in the third degree; and conspiracy to commit burglary in the third degree. In November, 1983, the court imposed sentence as follows. On the convictions of larceny in the first degree and conspiracy to commit larceny in the first degree, the court imposed concurrent sentences of not less than ten nor more than twenty years. On the convictions of burglary in the third degree and conspiracy to commit burglary in the third degree, the court sentenced the defendant to not less than two and one-half nor more than five years, to run consecutively, both as to each other and as to the first two sentences. The total effective sentence, therefore, was not less than fifteen nor more than thirty years.

---

[1] Practice Book § 935 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

In April, 1987, subsequent to the defendant's sentencing, we held in *State* v. *Stellato,* 10 Conn. App. 447, 456–57, 523 A.2d 1345 (1987), that where a defendant is tried on multiple conspiracy counts arising out of a single agreement, the trial court must render judgment and sentence the defendant on only that conspiracy to commit the most serious offense. See also *State* v. *Kitt,* 8 Conn. App. 478, 513 A.2d 731 (1986), cert. denied, 202 Conn. 801, 518 A.2d 648 (1987). On the basis of *Stellato,* the defendant moved, pursuant to Practice Book § 935, to vacate the conviction for conspiracy to commit burglary in the third degree. The court granted the defendant's motion, and vacated that conviction.

The defendant also moved that the total effective sentence be reduced to not less than twelve and one-half nor more than twenty-five years, by eliminating the term originally imposed on the vacated conviction, namely, not less than two and one-half nor more than five years, and leaving intact the sentences imposed for the three remaining convictions. The court, however, declined to do this. Instead, it resentenced the defendant on the three remaining counts so as to reflect its original sentencing intent, and reimposed a total effective sentence of not less than fifteen nor more than thirty years.[2] The court accomplished this by resentencing the defendant on the first two convictions to consecutive sentences of not less than seven and one-half nor more than fifteen years, and on the third conviction to a sentence of not less than two and one-half nor more than five years, to run concurrent with the first two convictions.

---

[2] The court stated: "Certainly, as I remember at trial, and going through a copy of the transcript of the sentencing remarks, it was very obvious to me, and is still very obvious to me, because I recall it specifically that the intention of the court at the time of the imposing of sentence was to end up with an effective sentence of Mr. Raucci to serve not less than fifteen nor more than thirty years. . . . I think the record is thoroughly com-

The defendant claims that the trial court had no authority to increase a valid sentence once its execution had commenced, because such authority is vested solely in the sentence review division of the Superior Court. See General Statutes § 51-194; *Kolfuss* v. *Warden*, 149 Conn. 692, 694–95, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); *State* v. *Elliott*, 8 Conn. App. 566, 573–75, 513 A.2d 1285, cert. denied, 201 Conn. 813, 517 A.2d 630 (1986). Under the factual circumstances of this case, we disagree.

The Connecticut courts have not addressed the parameters of a trial court's resentencing powers where a multicount conviction has been partially set aside. This issue, however, has been addressed by the federal courts of appeal. The federal resentencing cases have arisen in two contexts.

One context, analogous to the present case, involves resentencing by the district court after granting a motion made pursuant to former Rule 35 of the Federal Rules of Criminal Procedure,[3] permitting the correction of an illegal sentence. The federal circuits are in conflict as to a district court's resentencing author-

plete with the intent of the court at the time of sentencing to impose a sentence of not less than fifteen nor more than thirty years as a total effective sentence in that particular crime and that particular offense. And keeping that in mind, the court will reimpose sentence on the remaining three counts . . . [s]o that the total effective sentence on the revised sentence would be not less than fifteen years nor more than thirty, and that would carry out the intent of the court at the time of sentencing for an effective sentence of not less than fifteen nor more than thirty. And that will be the sentence imposed by the court."

[3] Practice Book § 935 is based in part on the first sentence of the former Rule 35 of the Federal Rules of Criminal Procedure. *State* v. *Pina,* 185 Conn. 473, 481 n.6, 440 A.2d 962 (1981). That first sentence provided in pertinent part that "[t]he court may correct an illegal sentence at any time . . . ." Although Rule 35 has subsequently undergone numerous revisions, the most significant of which is undoubtedly the newly mandated "guideline sentencing" that has overtaken the federal courts; see *United States*

ity under Rule 35. One position taken is that of an aggregate package approach, whereby the trial court is considered to have the authority to revise a sentencing package to effectuate its original sentencing intent. See *United States* v. *Bentley,* 850 F.2d 327, 328–29 (7th Cir.), cert. denied, 488 U.S. 970, 109 S. Ct. 501, 102 L. Ed. 2d 537 (1988). The opposing position is that Rule 35 empowers the district court to correct only that portion of the sentence that is illegal, and, as such, limits the court to vacating the illegally imposed sentences without concomitantly increasing the sentences on the valid counts. See *United States* v. *Minor,* 846 F.2d 1184, 1188–89 (9th Cir. 1988); *United States* v. *Henry,* 709 F.2d 298, 306–309 (5th Cir. 1983).

The other context involves resentencing by the district court following a remand from a direct appeal, where the appellate court has reversed part of a multicount conviction. We agree with the Seventh Circuit Court of Appeals that "nothing but pointless formalism would support a distinction between a sentencing plan disrupted by the vacatur of some counts on appeal and a plan shattered by the district court's own recognition [on a Rule 35 motion] that the plan was infested with error. We suppose that a district judge might deny the Rule 35 motion and acquire the power to resentence the defendant after the inevitable reversal, but what would be the point?" *United States* v. *Bentley,* supra; compare *United States* v. *Rosen,* 764 F.2d 763, 766–67 (11th Cir. 1985); *United States* v. *Henry,* supra, 304–305. We also conclude that, with respect to the issue posed by this case, it is of no import whether the issue arises following a direct appeal or following the granting of a § 935 motion. To make such a distinction would elevate form over substance.

v. *Pimienta-Redondo,* 874 F.2d 9, 14 n.4 (1st Cir. 1989); the federal cases interpreting the former Rule 35 are useful in our review of the Superior Court's resentencing powers under Practice Book § 935.

Where a multicount conviction is remanded after one or more of the convictions is set aside on appeal, the overwhelming weight of the federal authority permits a district court to increase individual sentences as long as the original total effective sentence is not exceeded. The general rationale for this is that the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions, and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent. See, e.g., *United States* v. *Alvarez-Moreno,* 874 F.2d 1402 (11th Cir. 1989); *United States* v. *Pimienta-Redondo,* 874 F.2d 9 (1st Cir. 1989); *United States* v. *Gray,* 852 F.2d 136 (4th Cir. 1988); *United States* v. *Diaz,* 834 F.2d 287 (2d Cir. 1987); *United States* v. *Cataldo,* 832 F.2d 869 (5th Cir. 1987); *United States* v. *Shue,* 825 F.2d 1111 (7th Cir.), cert. denied, 484 U.S. 956, 108 S. Ct. 351, 98 L. Ed. 2d 376 (1987); *United States* v. *Colunga,* 812 F.2d 196 (5th Cir.), cert. denied, 484 U.S. 857, 108 S. Ct. 165, 98 L. Ed. 2d 120 (1987); *United States* v. *Moore,* 710 F.2d 270 (6th Cir. 1983); *McClain* v. *United States,* 676 F.2d 915 (2d Cir.), cert. denied, 459 U.S. 879, 103 S. Ct. 174, 74 L. Ed. 2d 143 (1982); *United States* v. *Busic,* 639 F.2d 940 (3rd Cir.), cert. denied, 452 U.S. 918, 101 S. Ct. 3055, 69 L. Ed. 2d 422 (1981); see also *Kelly* v. *Neubert,* 898 F.2d 15 (3d Cir. 1990) (no due process violation where state trial court increases individual sentences on remand after appeal). Compare *United States* v. *Lewis,* 862 F.2d 748 (9th Cir. 1988).

We recognize that when a trial court imposes sentence pursuant to a multicount conviction, its intent ordinarily is to structure the sentences on the various counts so as to arrive at a total effective sentence that it deems appropriate for both the crimes and the criminal. We adopt this "aggregate package" view for resentencing, either following a remand from a direct appeal or pursuant to Practice Book § 935, recognizing the power of the court to fashion the new sentence so as to conform to its original sentencing intent.

We stress that the court's power under these circumstances is limited by its original sentencing intent as expressed by the original total effective sentence, and, furthermore, that this power is permissive, not mandatory. Although the court may reconstruct the sentencing package to conform to its original intent, it is not required to do so. It may, therefore, simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction. The guiding principle is that the court may resentence the defendant "to achieve a rational, coherent [sentence] in light of the remaining convictions," as long as the revised total effective sentence does not exceed the original. *United States* v. *Bentley,* supra, 328.

It is axiomatic that a trial court has wide discretion to tailor a just sentence in order to fit a particular defendant and his crimes, as long as the final sentence falls within the statutory limits. See *State* v. *Huey,* 199 Conn. 121, 126–28, 505 A.2d 1242 (1986); *State* v. *Spears,* 20 Conn. App. 410, 419–20, 567 A.2d 1245 (1989). This same wide sentencing discretion equally applies to a trial court's restructuring of a sentencing

plan for a defendant who has been convicted in a multiple count case and who faces a permissible range of punishment based on the individual counts. "[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the . . . court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture . . . within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal." *United States* v. *Pimienta-Redondo,* supra, 14.

In this case, the defendant does not challenge the constitutionality of his revised sentences. Cf. *Kelly* v. *Neubert,* supra. Rather, he claims that the trial court lacked the authority to increase his sentence. His argument is necessarily predicated on the assumption that his sentence is in fact being increased. Because, under the aggregate sentencing perspective, the sentencing plan must be viewed in its entirety, the total effective sentence as originally imposed is the backdrop that must be kept in mind, not the individual sentences comprising the total term. Here, the total effective sentence as originally imposed was not less than fifteen nor more than thirty years. Because the defendant was resentenced to this same total term, he has not suffered any additional detriment under his revised sentences. See, e.g., *United States* v. *Pimienta-Redondo,* supra, 15.

Although we have not previously addressed this specific issue of whether sentences should be treated individually or in toto when resentencing in a multicount conviction case, this aggregate sentencing pos-

ture is not without precedent in our jurisprudence. We have considered a similar issue in determining a sentencing court's authority under General Statutes § 53a-59 (modification of definite sentences of three years or less). In *State* v. *Lombardo,* 19 Conn. App. 631, 639, 563 A.2d 1030 (1989), we concluded that "the term 'sentence' as used in § 53a-39 as applied to multiple sentences imposed on multicount informations, refers to the aggregate or total effective sentence."

Here, the trial court at the resentencing hearing clearly recalled its original sentencing intent, namely, that it intended to impose a total effective sentence of not less than fifteen nor more than thirty years. The court was clear also in its determination that the elimination of the single conspiracy conviction did not change that intent. It then restructured the sentencing package to effectuate that intent. The revised sentence in this case was proper.

There is no error.

In this opinion the other judges concurred.