[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO RESENTENCE
The issue addressed by this motion is can a court craft an entirely new sentence after remand from a partially successful appeal to the Appellate Court? The defendant requests permission to present information at the resentencing concerning lifestyle changes since the original 1994 sentence.
 FACTS
The defendant was convicted by a jury of stalking in the first degree in violation of General Statutes § 53a-181c(a)(2), stalking in the second degree in violation of General Statutes § 53a-181d, two counts of harassment in the second degree in violation of General Statutes § 53a-183(a)(3), disorderly conduct in violation of General Statutes § 53a-182(a)(2), and criminal violation of a protective order in violation of General Statutes § 53a-110b. He appealed to the Appellate Court and claimed that three statutes on which he was charged and convicted, those of stalking in the second degree, harassment in CT Page 6475 the second degree and disorderly conduct, were facially vague and, therefore, unconstitutional under both the state and the federal constitution. Other claims were made by the defendant. The judgment was reversed in part and affirmed in part. The Appellate Court decision is State v. Cummings, 46 Conn. App. 661
(1997). His petition for certification for appeal was denied on October 28, 1997 with two justices dissenting. State v.Cummings, 243 Conn. 940 (1997).
The reversal was only as to the conviction of disorderly conduct. "Our Supreme Court held that § 53a-182(a)(2) was impermissibly vague on its face because the language of subdivision (2), `by offensive or disorderly conduct, annoys or interferes with another person,' failed to specify a standard of conduct." State v. Cummings, supra, 46 Conn. App. 670. (citingState v. Indrisano, 228 Conn. 795 (1994)). "The judicial gloss was placed on the statute in Indrisano subsequent to the defendant's conduct in this case, January 28, 1993." Id., 671. "Any conviction pursuant to § 53a-182(a)(2), where the conduct occurred prior to the judicial gloss, therefore, would be unconstitutional. The defendant's conviction under § 53a-182(a)(2) must be reversed." Id., 672.
The Appellate Court entered the following order of remand:
 The judgment is reversed only as to the conviction of disorderly conduct pursuant to § 53a-182(a)(2) and the case is remanded with direction to render a judgment of not guilty on that charge; the judgment is affirmed in all other respects. State v. Cummings, supra, 42 Conn. App. 684.
The remand order also referenced footnote 15 of the Appellate Court decision. "Unlike in Indrisano, the defendant herein was charged only with a violation of § 53a-182(a)(2) and not with the additional violation of General Statutes § 53a-182(c)(1). In State v. Indrisano, supra, 228 Conn. 820, our Supreme Court remanded the case for a new trial under § 53a-182(c)(1)."State v. Cummings, supra, 42 Conn. App. 684, fn. 15. This footnote has no bearing on the issues raised in the Motion to Resentence.
After the October 28, 1997 denial of certification, this court scheduled the matter for resentencing. The defendant, in the interim, had been released by another judge on an appellate bond, after serving months of incarceration on his original July CT Page 6476 14, 1994 sentence of seven years, three months, suspended after four years. A term of probation with specific conditions was imposed. The portion of that sentence relating to the disorderly conduct conviction was: "The sentence of this Court on the disorderly conduct is that you be committed to the custody of Commissioner of Corrections for a period of three months. That three months is to be consecutive to the stalking in the first degree." The defendant filed a written Motion for Resentencing with supporting memorandum to which the State of Connecticut objected.
The State takes the position that, based upon the Appellate Court's remand, this court must enter a finding of not guilty on the disorderly conduct count. The court then must vacate the three months consecutive sentence and, therefore, impose a sentence of seven years suspended after three years, nine months with same term and conditions of probation. The defendant requests the imposition of an entirely new sentence, in which case a new sentencing hearing would have to be held. The court would then be required to hear all relevant information, as if the sentence was being imposed de novo. The defendant claims there has been a substantial change in his life. He has remarried. He has obtained full-time employment and has been promoted by his employer to a supervisory position. He has been involved in many community activities while out on appeal bond. The defendant supports these claims with written testimonials, along with witnesses, to be offered at the sentencing hearing. The defendant requests a sentence of time served along with the same term and conditions of probation.
Over the objection of the State, the court heard the complete presentation of the defendant in a post-sentencing argument. This included the submission of all documentation, compliance with Practice Book § 919, now (1998 Rev.) § 43-10, and hearing from the defendant, his counsel and a number of witnesses who appeared in court in support of the defendant's application. The court, in overruling the State's objection, indicated that it would take under advisement the motion of the State of Connecticut to resentence the defendant to the original sentence of July 14, 1994, less the three consecutive months for the vacated disorderly count.
 DISCUSSION OF LAW
Upon information and belief, this was the first stalking case CT Page 6477 tried in Connecticut. After the July 14, 1994 sentence, the defendant was immediately incarcerated. He filed extensions within which to take an appeal and hired a new attorney. Shortly thereafter, the stalking in the second degree case of State v.Michael Marsala was tried in Bridgeport. That defendant was convicted. On appeal he raised the issue of the constitutionality of the stalking statute. The Appellate Court found the statute constitutional. State v. Marsala, 44 Conn. App. 84, 97,688 A.2d 336, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). The Appellate Court was able to rule on Marsala first since it reached the appellate level prior to the earlier Cummings case.
Prior to any action on the State's limitation of sentence motion, the court conducted the sentencing hearing in accordance with Practice Book § 919, now (1998 Rev.) § 43-10.
 Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall, upon the date previously determined for sentencing, conduct a sentencing hearing as follows:
 (1) The judicial authority shall afford the parties an opportunity to be heard and, in its discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report, the alternate incarceration assessment report or any other document relied upon by the judicial authority in imposing sentence . . .
 (2) The judicial authority shall allow the victim and any other person directly harmed by the commission of the crime a reasonable opportunity to make, orally or in writing, a statement with regard to the sentence to be imposed.
 (3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence.
(. . .)
 (5) The judicial authority shall impose the sentence in the presence and hearing of the defendant, unless the defendant shall have waived his or her right to be present.
(6) In cases where sentence review is available, the judicial authority CT Page 6478 shall state on the record, in the presence of the defendant, the reasons for the sentence imposed.
Practice Book § 919, now (1998 Rev.) § 43-10.
The original sentence exceeded three years, both in the total sentence imposed and in the sentence to be served. This court, therefore, did not have the authority, on its own, to reduce the sentence. "At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced." General Statutes § 53a-39(a). Since the state's attorney did not agree and the sentence more than three years, the court had no authority to reduce the sentence. General Statutes §§ 53a-39(b), 51-195. The statutory authority does not authorize the court to otherwise reduce the sentence from that originally imposed. "Every person convicted of an offense shall be sentenced in accordance with this title." General Statutes § 53a-28(a).
 In resentencing, after a remand by an appellate court, the trial court is granted no discretion.
 In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court . . No judgment other than that directed or permitted by the reviewing, court may be rendered . . . (Citations omitted; emphasis in original; internal quotation marks omitted) West Haven Sound Development Corp. v. West Haven, 207 Conn. 308, 312, 341 A.2d 858 (1988); see also Patron v. Konover, 43 Conn. App. 645, 651, 685 A.2d 1133
(1996).
State v Graham, 45 Conn. App. 12, 16 (1997).
The trial court is bound by the terms, conditions, and limitations of the remand. This rule applies to civil remands, remands for new trials, remands to resentence or remands with a specific direction. "Because the jury found the defendant guilty CT Page 6479 of violating § 14-215(c) and we remanded the case with direction to enter judgment accordingly, the trial court was without power to sentence him under § 14-215(b)." Id., 16.
The following are examples of remands that do not limit the trial court's discretion on resentencing:
 (1) "We reverse the judgment of the trial court as to the capital felony count, affirm the judgment of conviction on the remaining counts and remand the case for sentencing on the felony murder convictions." State v. Small, 242 Conn. 93, 96 (1997).
 (2) "The judgment is reversed and the case is remanded with direction to render a judgment of guilty of violating General Statutes 14-215(a) and to resentence the defendant in accordance with General Statutes 14-215(b)." State v. Cook, 36 Conn. App. 710, 718 (1995).
 (3) "We reverse the judgment of conviction on the capital felony count and remand the case to the trial court with direction to vacate the capital felony conviction and to resentence the defendant on the felony murder conviction, and we affirm the judgment of conviction on the remaining counts." State v. Johnson, 241 Conn. 702, 706 (1997).
The following are examples of remands that limit the trial court's discretion on resentencing:
(1) "The judgment is reversed in part and the case is remanded with direction to vacate the defendant's conviction under § 53-202k
and to resentence the defendant to a total effective term of imprisonment of forty-five years in accordance with this opinion."State v. Billie, 47 Conn. App. 678, 693 (1998).
(2) "The judgment is reversed in part and the case is remanded with direction to vacate the defendant's conviction of committing an A, B or C felony with a firearm pursuant to § 53-202K and to resentence the defendant for the robbery in the first degree conviction to a total effective term of imprisonment of twenty-two years in accordance with this opinion." State v. Tinsley,47 Conn. App. 716, 722 (1998).
(3) "The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the CT Page 6480 habeas court with direction to render judgment granting the petition in part and ordering the trial court to resentence the defendant in accordance with the original plea agreement."Medley v. Commissioner of Correction, 235 Conn. 413, 417
(1995).
(4) "We must remand the matter with direction to combine the defendant's convictions for felony murder and intentional murder and to vacate one of the sentences. The total effective sentence will remain the same by combining these sentences. Statev. Chicano, supra, 216 Conn. 721-25. . . . The judgment is reversed in part and the case is remanded with direction to combine the defendant's murder conviction with his felony murder conviction and to vacate the sentence for one of those convictions." State v. Tyson, 43 Conn. App. 61, 70 (1996).
This remand by the Appellate Court is mandatory and does not give this court any discretion. "The judgment is reversed only as to the conviction of disorderly conduct pursuant to § 53a-182(a)(2) and the case is remanded with direction to render a judgment of not guilty on that charge; the judgment is affirmed in all other respects." State v.Cummings, supra, 46 Conn. App. 684.
The defendant has cited two cases for the proposition that this court has discretion to impose a de novo sentence. In a case of first impression, the Supreme Court held that a trial court may "restructure the entire sentencing plan in order to effectuate its original sentencing intent", when a portion of the original sentence was declared illegal. State v. Raucci,21 Conn. App. 557, 558 (1990). The original sentence on the four counts were 10-20 years on Conspiracy to Commit Larceny 1st, 2 1/2-5 years on Conspiracy to Commit Burglary, consecutive, 2 1/2-5 years on Burglary 3rd, consecutive and 10-20 years on Larceny 1st, concurrent for a total effective sentence of 15-30 years. The trial court on defendant's motion declared the Conspiracy to Commit Burglary 3rd sentence illegal and resentenced. The trial court then imposed the following sentences on the remaining three counts: 7 1/2-15 years on Conspiracy to Commit Larceny 1st; 2 1/2-5 years on Burglary 3rd, concurrent and 7 1/2-15 years on Larceny 1st, consecutive, for a total effective sentence of 15-30 years. On appeal, the Appellate Court held that the trial court's restructure of the sentence was valid, within the trial court's discretion, and consistent with state law. State v. Raucci,supra, 21 Conn. App. 558, cert. denied, 215 Conn. 817 (1990). CT Page 6481
The defendant, upon the vacating of the Conspiracy to Commit Burglary 3rd conviction and its resulting sentence of 2 1/2-5 years, consecutive, moved to resentence in accordance with the original sentence and to reduce the 15-30 years to 12 1/2-25 years. The trial court declined this sentence and resentenced according to the original sentencing intent. The resentencing did not involve a remand. The defendant had filed a motion pursuant to Practice Book § 935 to vacate the conviction of Conspiracy to Commit Burglary 3rd on the basis of State v. Stellato,10 Conn. App. 447, 456-57 (1983). Thus, Raucci did not involve the interpretation of a remand and the limiting powers of a trial court on resentencing after an Appellate Court remand.
The Appellate Court noted that it made no difference if the resentence occurred upon granting of the illegal sentence motion by the trial court or after such a remand order by an appellate court. "To make such a distinction would elevate form over substance." State v. Raucci, supra, 21 Conn. App. 561.
 Where a multicount conviction is remanded after one or more of the convictions is set aside on appeal, the overwhelming weight of the federal authority permits a district court to increase individual sentences as long as the original total effective sentence is not exceeded. The general rationale for this is that the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions, and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent.
Id., 562.
This is called the "aggregate package" view, and it recognizes the power of the court to fashion the new sentence so as to conform to its original sentencing intent.
We stress that the court's power under these circumstances is limited by its original sentencing intent as expressed by the original total effective sentence, and, furthermore, that this power is permissive, not mandatory. Although the court may reconstruct the sentencing package to conform to its original intent, it is not CT Page 6482 required to do so. It may, therefore, simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction. The guiding principle is that the court may resentence the defendant "to achieve a rational, coherent (sentence) in light of the remaining convictions," as long as the revised total effective sentence does not exceed the original. United States v. Bentley, 850 F.2d 327, 328-29 (7th Cir.), cert. denied 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed. 2nd, [L.Ed.2d], 537 (1988)."
Id., 562.
The defendant cites State v. Dennis, 30 Conn. App. 416 (1993), in support of his motion for a de novo sentence. Dennis citedRaucci. Dennis is a withdrawal of plea and a mathematical misstatement at the sentencing case and does not support the defendant's argument.
After listening to all the evidence, this court found that, in fact, the defendant was a changed individual. He had become employed full-time shortly after the July 14, 1994 sentencing and has become a productive member of society. He has obtained the respect of many members of his family who had lost confidence in him in the past. He had married a woman who was loyal to him despite his impending incarceration. His employer, aware of the judicial problems that he had, still hired him and promoted him to a supervisory position. Had this information been furnished to the court on July 14, 1994, no doubt this court would had taken those factors into consideration and imposed a lesser period of incarceration. Based upon the defendant's prior convictions of harassment involving another woman, a portion of that sentence would involve incarceration.
This court has no discretion. It is bound by the terms of the Appellate Court remand. This court must render a judgment of not guilty on the disorderly conduct count and as a result vacate the three month consecutive sentence imposed on that conviction. The new sentence, therefore, must be seven years, suspended after three years, nine months plus the term and conditions of probation as ordered on July 14, 1994.
Despite the harshness of this ruling, it is in accordance with Connecticut law. The defendant is not without remedy. He has CT Page 6483 sentence review. General Statutes § 51-195. He may also be able to persuade the state attorney to agree to a lessening of the sentence. General Statutes § 53a-39(b).
The defendant's Motion to Resentence is denied since the court must sentence in accordance with the remand of the Appellate Court in State v. Cummings, supra 46 Conn. App. 684.
TIERNEY, J.