## STATE OF CONNECTICUT *v.* OSCAR L. ANDERSON
### (AC 30388)

Flynn, C. J., and Lavine and Beach, Js.

Argued December 11, 2009—officially released January 26, 2010

*Oscar L. Anderson,* pro se, the appellant (defendant).

*Susan C. Marks,* supervisory assistant state's attorney, with whom, on the brief, were *John A. Connelly* and *Gail P. Hardy,* state's attorneys, and *Kevin C. Doyle,* senior assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The self-represented defendant, Oscar L. Anderson, appeals pro se from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the probationary period attached to his sentence for his conviction on the charge of risk of injury to a child in violation of General Statutes (Rev. to 2001) § 53-21 (a) (1) is illegal. Specifically, he claims that the court could not impose any period of probation in addition to imposing the maximum sentence on that charge and that, in imposing a ten year suspended sentence and ten years probation, the court in essence gave him a total effective sentence of twenty years on the risk of injury charge.

Although the defendant misunderstands the total effective sentence imposed, in that the effective sentence is not twenty years, in exercising our plenary review, we agree with the state's concession that the defendant lawfully could not be sentenced to more than ten years imprisonment and five years probation on the risk of injury charge. After reviewing the relevant statutory scheme, we conclude that the defendant's sentence is illegal, and, accordingly, we reverse the judgment of the trial court.

The relevant facts and procedural history are as follows. The defendant was charged in a three count long form information with two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of § 53-21 (a) (1). After being tried by a jury, the defendant was convicted of one count of sexual assault and risk of injury to a child.[1] The court, *Hartmere, J.*, sentenced the defendant to a term of eighteen years incarceration on the sexual assault charge and to a consecutive term of ten years, execution suspended, with ten years probation, on the risk of injury charge. Following the affirmance of his conviction on direct appeal; see *State* v. *Anderson*, 86 Conn. App. 854, 864 A.2d 35, cert. denied, 273 Conn. 924, 871 A.2d 1031 (2005); the defendant filed a motion to correct an illegal sentence, claiming that his sentence on the risk of injury charge exceeded the statutory maximum sentence. He argued that the maximum sentence permitted on the risk of injury charge was ten years and a $500 fine. He disputed that the court could sentence him to ten years probation in addition to his suspended sentence. The defendant requested and was granted appointed counsel pursuant to *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007),

---

[1] The defendant was acquitted of the remaining charge of sexual assault in the first degree.

but, after reviewing the defendant's claim, counsel concluded that it was without merit, and the court permitted counsel to withdraw from the matter. The defendant requested the appointment of a second attorney to conduct another *Casiano* review, but the court denied his request, and the defendant proceeded to represent himself. After a hearing on the defendant's motion to correct an illegal sentence, the court, *Fasano, J.*, denied the motion, concluding that the defendant's sentence was not illegal. This appeal followed.

The defendant challenges his sentence only on the risk of injury charge, arguing that it exceeds the statutory maximum because if he were to violate his probation, he would be facing the entire unexecuted portion of the ten year sentence and that, therefore, it has the effect of a twenty year sentence. Thus, he argues that the court could not sentence him to a period of probation in addition to the ten year maximum penalty on the charge. The state concedes on appeal that the sentence is illegal, not as the defendant claims, but because the maximum probationary period set forth by statute is five years in addition to the period of imprisonment. Reviewing the sentence and the relevant statutes, we conclude that the defendant's sentence violates General Statutes (Rev. to 2001) § 53a-29 (d) because the maximum length of a probationary term for the class C felony of risk of injury to a child, in violation of § 53-21 (a) (1), is five years, not the ten year probationary term that was imposed. Accordingly, the defendant's sentence is illegal, and we reverse the court's judgment and remand the case for resentencing.

"Practice Book § 43-22, which provides the trial court with [the] authority [to correct an illegal sentence], provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner.

An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . [Our Supreme Court] previously ha[s] noted that a defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal or by filing a motion pursuant to § 43-22 with the judicial authority, namely, the trial court." (Citation omitted; internal quotation marks omitted.) *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006), on appeal after remand, 292 Conn. 417, 973 A.2d 74 (2009).

In this case, the defendant filed a motion to correct an illegal sentence, claiming that his sentence on the risk of injury charge exceeded the statutory maximum permissible sentence. Although a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence ordinarily is reviewed pursuant to the abuse of discretion standard, in the present case, the defendant's claim presents a question of statutory interpretation; accordingly, our review is plenary. See id.

The following statutes are relevant to our review. General Statutes (Rev. to 2001) § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony."

General Statutes (Rev. to 2001) § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the

court as follows . . . (6) for a class C felony, a term not less than one year nor more than ten years . . . ."

General Statutes (Rev. to 2001) § 53a-29 (a) permits a trial court to sentence an individual "to a period of probation upon conviction of any crime, other than a class A felony, if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; (2) the defendant is in need of guidance, training or assistance which, in his case, can be effectively administered through probation supervision; and (3) such disposition is not inconsistent with the ends of justice." Subsection (d) of General Statutes (Rev. to 2001) § 53a-29 provides in relevant part: "The period of probation . . . shall be as follows: (1) For a felony, except as provided in subsection (e) of this section, not more than five years . . . ." Subsection (e) of General Statutes (Rev. to 2001) § 53a-29 provides in relevant part: "The period of probation . . . shall not be less than ten years nor more than thirty-five years for conviction of a violation of subdivision (2) of section 53-21. . . ."

In the present case, the defendant was charged and convicted, inter alia, of a violation of § 53-21 (a) (1); he was neither charged nor convicted of a violation of § 53-21 (a) (2). Accordingly, pursuant to § 53a-29 (d) (1), the maximum period of probation was not more than five years on the § 53-21 (a) (1) conviction. The defendant's ten year probationary period on the charge of risk of injury under subdivision (1) of subsection (a) of § 53-21 exceeds the statutory maximum permissible probationary period and is illegal. The case, therefore, must be remanded for resentencing.

"[W]hen a case involving multiple convictions is remanded for resentencing, the trial court is limited by the confines of the original sentence in accordance with the aggregate package theory set forth in *State* v.

*Raucci,* [21 Conn. App. 557, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990)], and later adopted by [our Supreme Court] in *State* v. *Miranda,* [260 Conn. 93, 127–30, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002)]. In *Miranda,* [our Supreme Court] recognized that the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety. More significantly, the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment for the aggregate convictions and, thus, to invalidate any part of that package without allowing the court thereafter to review and revise the remaining valid convictions would frustrate the court's sentencing intent. *State* v. *Miranda,* supra, 129, quoting *State* v. *Raucci,* supra, 562. Accordingly, the [resentencing] court's power under these circumstances is limited by its original sentencing intent as expressed by the original total effective sentence . . . . It may, therefore, simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction. The guiding principle is that the court may resentence the defendant to achieve a rational, coherent [sentence] in light of the remaining convictions, as long as the revised total effective sentence does not exceed the original." (Internal quotation marks omitted.) *State* v. *Tabone,* 292 Conn. 417, 427–28, 973 A.2d 74 (2009).

On remand, the court may resentence the defendant solely on the risk of injury charge to the same ten year suspended sentence with any period of probation of

five years or less, or, under the aggregate package the-
ory, the court may restructure the defendant's sentence
on both of the charges in order to effectuate its original
sentencing intent.

The judgment is reversed and the case is remanded
for resentencing in accordance with law.

In this opinion the other judges concurred.