STATE OF CONNECTICUT *v.* CURTIS B. HUDSON
(AC 30483)

Harper, Alvord and Peters, Js.

Argued May 21—officially released July 27, 2010

*Annacarina Jacob*, senior assistant public defender, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Donal C. Collimore, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. In this appeal from the defendant's multicount conviction for credit card theft and identity theft, the state has conceded that it offered no evidence in support of three counts, which charged the defendant with credit card forgery. Accordingly, the defendant's conviction on those counts of the information must be reversed. The principal issue before us is whether, as

the defendant maintains, our remand should order his sentence to be reduced by eliminating his sentence on the specific counts that we reverse or whether, as the state maintains, the case should be remanded for resentencing on the remaining counts. In light of our case law adopting the aggregate theory of sentencing, we agree with the state.

On May 19, 2008, in an eight count substitute information, the state charged the defendant, Curtis B. Hudson, with two counts of credit card theft in violation of General Statutes § 53a-128c (a), three counts of identity theft in the third degree in violation of General Statutes § 53a-129d (a) and three counts of credit card forgery in violation of General Statutes § 53a-128c (g). After a jury trial, the defendant was found guilty on all counts. The trial court accepted the jury's verdict and sentenced the defendant to a total effective sentence of fifteen years imprisonment. The court specified that the defendant would receive a one year sentence for each of the two counts of credit card theft, five year sentences each on counts three, four, and five for identity theft in the third degree and one year sentences each on counts six, seven and eight for credit card forgery. All counts were to run consecutively, except that the fifth count would run concurrently. The defendant has appealed.

The jury reasonably could have found the following facts. On January 30, 2007, the defendant entered the victim's place of employment through the employee door, claiming that he was bringing a gift to the victim. He then entered the victim's office and, without her permission, took two credit cards from her purse.

On the day of the theft, the defendant used one of the victim's credit cards to make two purchases at a liquor store totaling $273.42 and $207.98. The defendant told the store owner that the credit cards belonged to his wife.

On the following day, the defendant entered a Subway restaurant and used the victim's credit card to purchase various items totaling $8.88. While in the restaurant, his image was recorded by the restaurant's surveillance equipment.

The victim's signature did not appear on the sales receipts for any of these transactions. It is undisputed that she had not authorized the defendant's use of her credit cards.

In April, 2007, Kerry Dalling, a detective with the Fairfield police department, interviewed the defendant at a jail in Westchester, New York. The defendant orally confessed to the credit card theft. He did not, however, make a written statement, and the interview was not recorded either by audio or by video. At a later date, Dalling wrote a report describing the interview.

At trial, the defendant challenged the accuracy of Dalling's account of his interview with her. He requested a jury instruction that the jury should consider the circumstances of his confession, specifically, the lack of an electronic recording, in determining what weight to give Dalling's evidence. The court declined to so instruct the jury.

The defendant has raised three issues on appeal. He challenges (1) the validity of his conviction of credit card forgery, (2) the court's denial of his request for a jury charge on the inferences to be drawn from the state's reliance on an unrecorded confession and (3) the adequacy of the court's response to an inquiry from the jury during its deliberations. We agree, in part, with the defendant's first claim of error, but we are not persuaded by his second and third claims.

I

The first issue raised by the defendant's appeal is the validity of his conviction of three counts of credit card

forgery in violation of § 53a-128c (g). The defendant contends, and the state agrees, that the record contains insufficient evidence to prove the elements of credit card forgery. Specifically, the record is devoid of evidence that the defendant signed the victim's credit cards, as the statute requires.

In light of the state's concession, the only question before us is a determination of the appropriate remedy for this improper conviction. The defendant argues that the reversal of this conviction requires a remand order instructing the trial court to reduce his sentence by three years to reflect his three one year sentences on the three counts of credit card forgery. The state argues, however, that the proper remedy is to remand the case to the trial court with direction to render judgment of acquittal on the forgery charges and for resentencing on the conviction of the remaining charges. We agree with the state.

This state has adopted the aggregate theory of sentencing, both for the initial sentencing of a convicted defendant and for resentencing after an order of remand. See *State* v. *Miranda*, 260 Conn. 93, 129–30, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002), and *State* v. *Raucci*, 21 Conn. App. 557, 563–64, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990). Under this theory, "[w]e recognize that when a trial court imposes sentence pursuant to a multicount conviction, its intent ordinarily is to structure the sentences on the various counts so as to arrive at a total effective sentence that it deems appropriate for both the crimes and the criminal. We adopt this 'aggregate package' view for resentencing, either *following a remand from a direct appeal* or pursuant to Practice Book § 935 [now § 43-22], recognizing the power of the court to fashion the new sentence so as to conform to its original sentencing intent." (Emphasis added.) *State* v. *Raucci*, supra, 563.

The defendant argues that *Miranda* and *Raucci* are distinguishable because those cases involved a defendant's direct challenge of the legality of the sentence imposed on him at trial. By contrast, in the present case, he has successfully challenged the sufficiency of the evidence to convict him of the underlying charge. We are not persuaded.

The defendant cites no authority, and our research reveals none, for the proposition that this court may order the trial court to resentence a defendant on the conviction of the remaining charges only when our reversal of another conviction is based on an illegal sentence. *Raucci*'s analysis does not depend on the reason why a remand for resentencing is required. Indeed, our Supreme Court and this court regularly have ordered the trial court to resentence a defendant on the remaining charges after reversal of the conviction of one of multiple charges. See, e.g., *State* v. *Padua*, 273 Conn. 138, 187, 869 A.2d 192 (2005) (reversing judgment on one conspiracy count and remanding for sentencing on remaining count); *State* v. *Nixon*, 92 Conn. App. 586, 600, 886 A.2d 475 (2005) (reversing judgment on one count as violation of double jeopardy and remanding for resentencing on remaining count); *State* v. *Hardy*, 85 Conn. App. 708, 719, 858 A.2d 845 (2004) (reversing judgment of conviction under General Statutes § 53a-216 for criminal use of firearm because defendant also convicted of underlying felony and remanding for resentencing on remaining count), aff'd, 278 Conn. 113, 896 A.2d 755 (2006); *State* v. *William B.*, 76 Conn. App. 730, 761, 822 A.2d 265 (reversing judgment as to one count for insufficient evidence and remanding for resentencing on remaining counts), cert. denied, 264 Conn. 918, 828 A.2d 618 (2003).

Alternatively, the defendant argues that if a judgment of acquittal must be rendered due to insufficient evidence, it is appropriate to order resentencing on the

remaining charges only when the defendant himself has so requested. In support of this contention, the defendant cites *State* v. *Allen*, 205 Conn. 370, 533 A.2d 559 (1987), and *State* v. *Atkins*, 118 Conn. App. 520, 984 A.2d 1088 (2009), cert. denied, 295 Conn. 906, 989 A.2d 119 (2010), in which the reviewing courts remanded the cases with direction to render judgments of acquittal for insufficiency of the evidence. Neither of these cases supports the defendant's position because neither discusses the relationship between a judgment of acquittal on one count of a multicount information and preexisting sentences on the remaining counts.

In sum, we are persuaded that, due to the insufficiency of the required evidence at trial, we must reverse the judgment convicting the defendant of three counts of credit card forgery. We are not persuaded by the defendant's contention that the proper remedy is simply to set aside that part of his total sentence that reflected the conviction of those charges. We agree instead with the state that under the aggregate theory of sentencing, which is well established in our case law, the trial court on remand, after rendering judgment of acquittal on the credit card forgery charges, has the authority to resentence the defendant on the remaining counts of which he was convicted.

## II

The defendant next claims that he is entitled to a new trial because of the court's refusal to instruct the jury that his oral confession was unreliable because it was uncorroborated and because the state failed to record it electronically or to reduce it to writing. He maintains that the court's refusal to so instruct the jury deprived him of his federal constitutional rights to due process and to present a defense. We disagree.

Procedurally, we note that the record is far from clear that, at trial, the defendant preserved his right to present

this issue on appeal. As the court observed and the defendant conceded at trial, the case law that he cited, pursuant to Practice Book § 42-18,[1] in support of his written request to charge did not in fact substantiate his claimed right to the requested instruction.

Even if we assume that the defendant's claim, because it raises constitutional issues, is nonetheless reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as the defendant maintains, the defendant cannot prevail on its merits. The defendant has cited no case, and we know of none, that has imposed a constitutional requirement for the electronic recordation of interviews conducted by one state's police officer in *another* state. Furthermore, in its consideration of the constitutional constraints that govern interviews conducted at police offices *within* this state, our Supreme Court twice has concluded that our law does not require that the requested instruction be given. *State* v. *Corbin*, 260 Conn. 730, 740–43, 799 A.2d 1056 (2002); *State* v. *James*, 237 Conn. 390, 428–34, 678 A.2d 1338 (1996) (en banc). This court is bound by these precedents.[2]

## III

In the defendant's final claim on appeal, he maintains that the court's response to the jury's request to rehear the testimony of Detective Dalling violated his constitutional rights to confrontation and to a fair trial. Specifically, he faults the court for having failed to play back all of her testimony and for having failed, sua sponte, to

---

[1] Practice Book § 42-18 provides in relevant part: "Form and Contents of Requests to Charge.

"(a) When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . ."

[2] We recognize that the defendant must raise this issue in this court to preserve the option of asking for further review by our Supreme Court.

accompany the playback with a cautionary instruction. The state maintains that the defendant waived this claim at trial by his counsel's active participation in crafting the court's response to the jury's inquiry and by trial counsel's express agreement to the scope of that response. We agree with the state.

The record establishes that, at trial, on May 29, 2008, the jury sent three notes to the court concerning Dalling's testimony. The first note requested the court to read back her testimony "when she discusses her interview with the defendant particularly the portion in which he admitted having the credit cards." The next note asked: "Can we please see Detective [Dalling's] entire testimony." In response to an inquiry by the court as to whether the jury wished to hear all of Dalling's testimony or only a portion of her testimony, the jury sent a third note requesting "just the part of [Detective Dalling's] testimony where she discusses [the defendant's] admissions. Particularly, his possession of the credit cards."

In discussing the playback of testimony with the court at trial, defense counsel moved to exclude that part of Dalling's testimony in which she stated that the defendant was well known to the local police. The court agreed to this elision.

The court then consulted with counsel to identify the parts of Dalling's testimony that were relevant to the jury's final inquiry. The court noted that Dalling's cross-examination did not include any questions about the credit cards and inquired of defense counsel whether that comported with his recollection. Defense counsel replied, "I—I believe it does." Defense counsel thereafter continued to participate in further decisions about the portions of testimony that would or would not be

played back to the jury.[3] At the request of the state, after another playback had been completed, defense counsel was asked by the court, on the record, whether he had anything further, to which he replied, "[n]othing else."

The defendant has requested review of this unpreserved claim under *State* v. *Golding*, supra, 213 Conn. 239–40. "A defendant in a criminal prosecution may waive one or more of his or her fundamental rights. . . . In the usual *Golding* situation, the defendant raises a claim on appeal which, while not preserved at trial, at least was not waived at trial. . . . [A] constitutional claim that has been waived does not satisfy the third prong of the *Golding* test because, in such circumstances, we simply cannot conclude that injustice [has been] done to either party . . . or that the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial . . . . To reach a contrary conclusion would result in an ambush of the trial court by permitting the defendant to raise a claim on appeal that his or her counsel expressly had abandoned in the trial court. . . .

"[W]aiver is [t]he voluntary relinquishment or abandonment—express or implied—of a legal right or notice. . . . In determining waiver, the conduct of the parties is of great importance. . . . [W]aiver may be effected by action of counsel. . . . When a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal. . . . Thus, [w]aiver . . . involves the idea of assent, and assent is an act of understanding." (Citations omitted; internal quotation

---

[3] The record does not reveal which sections were being discussed because the transcript reflects that some statements by defense counsel were inaudible. It is, however, apparent from the record that counsel was asking the court about what parts of the testimony were or were not going to be included in the playback for the jury.

marks omitted.) *State* v. *Hampton*, 293 Conn. 435, 448–49, 978 A.2d 1089 (2009).

The circumstances under which our Supreme Court in *Hampton* found that the defendant had waived his right to *Golding* review closely resemble the facts of this case. In *State* v. *Hampton*, supra, 293 Conn. 444–45, the defendant sought *Golding* review of his claim that the court improperly failed to instruct the jurors that they had to agree unanimously on the factual basis underlying the sexual assault charges against him. The Supreme Court held that the defendant had waived the claim because "defense counsel had been made aware of the issue regarding the unanimity charge not once, but twice, and in both instances, despite requests from the trial judge for any changes, additions or deletions, defense counsel stated that he had none, thus assenting to the charge that was given." Id., 450. Similarly, the record in this case demonstrates that, at trial, defense counsel affirmatively assented to the playback of certain testimony without requesting the playback of additional testimony and without asking for the cautionary instruction that he now, on appeal, argues was constitutionally required. These claims were waived, and we decline to review their merits.

The judgment is reversed with respect to the defendant's three convictions for credit card forgery in violation of § 53a-128c (g) and the case is remanded to the trial court for judgment of acquittal of these convictions and for resentencing on the remaining five counts in the information. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.