******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JASON B.*
(SC 19446)

Rogers, C. J., and Palmer, Zarella, Eveleigh and McDonald, Js.

*Argued September 18, 2015—officially released January 19, 2016*

*Mark Rademacher*, assistant public defender, for the appellant-cross appellee (defendant).

*Adam E. Mattei*, assistant state's attorney, with whom, on the brief, was *John C. Smriga*, state's attorney, for the appellee-cross appellant (state).

*Opinion*

PALMER, J. The defendant, Jason B., appeals[1] and the state cross appeals from the the trial court's granting in part of the defendant's motion to correct an allegedly illegal sentence and its subsequent resentencing of the defendant. The state claims that the trial court incorrectly concluded that General Statutes (Rev. to 2005) § 53a-70 (b) (3),[2] which provides that "[a]ny person found guilty [of sexual assault in the first degree] shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years," required the court to sentence the defendant to a period of special parole for his conviction of first degree sexual assault. The state maintains that § 53a-70 (b) (3) requires only that any period of special parole that may be imposed shall, along with the accompanying term of imprisonment, constitute a total sentence of not less than ten years. The defendant claims that the trial court correctly determined that § 53a-70 (b) (3) requires that he be sentenced to a period of special parole but incorrectly concluded that the period of special parole need not be deducted from the defendant's original total effective sentence. We agree with the state.

The following procedural history is relevant to our analysis of the parties' claims. In 2006, following a jury trial, the defendant was found guilty of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), a class D felony; see General Statutes § 53a-95 (b); and sexual assault in the first degree in violation of § 53a-70 (a) (1), a class B felony. See General Statutes (Rev. to 2005) § 53a-70 (b) (1). In accordance with the jury verdict, the defendant was sentenced to five years of incarceration for his conviction of unlawful restraint and to a consecutive term of twenty years of incarceration, execution suspended after ten years, and thirty-five years of probation, for his conviction of first degree sexual assault. Accordingly, the total effective sentence for his conviction of both offenses was twenty-five years of incarceration, execution suspended after fifteen years, and thirty-five years of probation.

The defendant appealed from the judgment of conviction to the Appellate Court, which affirmed. See *State v. Jason B.*, 111 Conn. App. 359, 360, 368, 958 A.2d 1266 (2008), cert. denied, 290 Conn. 904, 962 A.2d 794 (2009). Subsequently, the defendant filed a motion to correct an allegedly illegal sentence, in which he argued that his sentence for first degree sexual assault was illegal because § 53a-70 (b) (3), as interpreted by this court in *State v. Victor O.*, 301 Conn. 163, 193, 20 A.3d 669, cert. denied,      U.S.     , 132 S. Ct. 583, 181 L. Ed. 2d 429 (2011), requires that persons convicted of that offense be sentenced to a term of imprisonment and a period of special parole. The defendant further claimed

that, because a new sentence cannot exceed the original total effective sentence imposed; see *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990); and because parole is deemed to be an extension of the original period of incarceration; see *State* v. *Tabone*, 292 Conn. 417, 429–30, 973 A.2d 74 (2009); the trial court was required to deduct the period of special parole mandated by § 53a-70 (b) (3) from his original total effective prison sentence, thereby leaving him with fourteen rather than fifteen years to serve.

The trial court agreed with the defendant that, under § 53a-70 (b) (3), he was entitled to be resentenced to a term of imprisonment and a period of special parole. The court disagreed, however, that the period of special parole must be deducted from his total effective sentence so as to avoid an unlawful expansion of the original sentence. The court concluded, rather, that, pursuant to the aggregate package theory of sentencing, its role in resentencing the defendant was to ensure that the corrected sentence reflected the intent of the original sentencing court to the greatest extent possible. Toward that end, and noting that the intent of the original sentencing court was to sentence the defendant to thirty-five years of probation, the longest period of supervised release authorized by law, the court sentenced the defendant to five years of imprisonment for his conviction of unlawful restraint and to a consecutive term of ten years of imprisonment and ten years of special parole for his conviction of first degree sexual assault.

On appeal, the state claims that the trial court incorrectly determined that, under § 53a-70 (b) (3), it was required to resentence the defendant to a period of special parole for his conviction of first degree sexual assault. The defendant claims that the trial court correctly interpreted § 53a-70 (b) (3) but incorrectly concluded that it was not required to deduct the period of special parole from the defendant's original total effective sentence. The defendant cannot prevail on his claim in light of our decision today in the companion case of *State* v. *Victor O.*, 320 Conn. 239,     A.3d (2016), in which we addressed and rejected a claim that General Statutes (Rev. to 2001) § 53a-70 (b) (3), as amended by Public Acts 2002, No. 02-138, § 5,[3] requires that persons convicted of first degree sexual assault be sentenced to a term of imprisonment and a period of special parole. As we explained in that case, contrary to the defendant's contention in the present case, this court did not decide the issue of statutory interpretation presented by this appeal in *State* v. *Victor O.*, supra, 301 Conn. 193. *State* v. *Victor O.*, supra, 320 Conn. 247. As we further explained, application of established tools of statutory interpretation to § 53a-70 (b) (3) compels the conclusion that that provision does not mandate that persons convicted of first degree sexual

assault be sentenced to a period of imprisonment and special parole; rather, it provides that, if the sentencing court *elects* to impose such a sentence, then the total combined period of imprisonment and special parole must add up to at least ten years.[4] Id., 258.

The trial court's partial granting of the defendant's motion to correct an illegal sentence and its resentencing of the defendant are reversed and the case is remanded with direction to deny the defendant's motion.

In this opinion the other justices concurred.

* In accordance with the policy of protecting the privacy interests of victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The defendant appealed to the Appellate Court from the trial court's decision with respect to the defendant's motion to correct an allegedly illegal sentence and with respect to resentencing, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Hereinafter, all references to § 53a-70 are to the 2005 revision unless otherwise noted.

[3] The 2002 version of § 53a-70 (b) (3) is identical to the 2005 revision of that statute, the latter of which is applicable to the defendant in the present case based on the date on which he committed the conduct that led to his conviction of first degree sexual assault.

[4] In light of our conclusion that the trial court was not required to resentence the defendant to a term of imprisonment and a period of special parole, it is unnecessary for us to address the defendant's claim that the trial court should have deducted the period of special parole from his original total effective sentence in order to avoid an unlawful expansion of his original sentence.